TAYLOR KEMP V. THE STATE.

No. 17415.   Delivered March 20, 1935.

The opinion states the case.

*C. C. Ramsey, Jr.,* of Goliad, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for fifteen years.

On the 19th day of June, 1934, W. M. Way, who was city marshal of Goliad, had been asked by the sheriff to keep order at a negro baseball game. Two negroes were engaged in a fight when Mr. Way attempted to separate them. Appellant,

who is a negro, came to the scene of the fight. According to the testimony of the State, appellant said to Way, "G—d— turn them loose," and gave him a shove. Appellant then called him a damn white s— of a b—. In the meantime, appellant had secured a knife from one of the negroes who had been engaged in the difficulty. When Way turned him loose, appellant stabbed him in the side with the knife. Appellant then ran away. Way was carried to the hospital seriously wounded. There was a nine-inch wound in his left side, the blade of the knife having penetrated the abdominal cavity. If he had not received immediate medical attention death would have resulted. Appellant testified that Way cursed him and attacked him, and threatened to kill him. He said he did not know whether he stabbed Way or not.

Appellant brings forward several bills of exception. The first relates to the failure of the court to submit an instruction covering aggravated assault. It appears that no exception was taken to the charge of the court and the matter was raised for the first time in appellant's motion for a new trial. Article 658, C. C. P., reads, in part, as follows: "Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection." Article 666, C. C. P., provides, in part, as follows: "All objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial."

In bill of exception No. 2 it is contended that the verdict of the jury is insufficient. We quote the verdict as follows: "We, the jury, find the defendant guilty with assault and intent to murder and assess his punishment at fifteen years in the State penitentiary. W. M. Baumgartner, Foreman." We think it clearly appears from the verdict that the jury found appellant guilty of assault with intent to murder. The assessment of the punishment at fifteen years confinement in the penitentiary makes plain the fact that the jury found that the assault was with malice aforethought.

We deem it unnecessary to discuss the remainder of the bills of exception.

In his motion for a new trial appellant alleged that he had been tried by a prejudiced jury. The evidence heard by the court on the motion was uncontroverted to the effect that there

was no misconduct on the part of any member of the jury, and that no prejudiced juror had been impaneled.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commision of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.